[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT, #104
On January 4, 1996, the plaintiffs, John E. Zitnay d/b/a ZK Construction Company, Larue Sons, Inc. and Artie Swendson filed a nine-count complaint alleging claims arising out of an alleged breach of contract against the defendants, Joseph Dellaquila d/b/a D Construction Company, David Goldman and Violet Goldman. The plaintiffs allege that they were hired by Dellaquila as subcontractors for the construction of the Goldmans' house. During construction, the Goldmans made various changes to the design which increased construction costs. When the construction was completed to the sheetrock stage, the Goldmans had paid $247,500 to Dellaquila, but refused to make any further payments. Dellaquila, subsequently, did not pay the plaintiffs for the work they had performed. Each plaintiff makes a claim for a breach of contract against Dellaquila and claims of unjust enrichment and quantum meruit against the Goldmans.
On April 3, 1996, the Goldmans filed a motion for summary judgment, a supporting memorandum of law, and affidavits of the Goldmans. The plaintiffs filed a memorandum dated May 2, 1996, and an affidavit of Dellaquila in opposition to the motion for summary judgment.
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995), quoting Practice Book § 384. "In passing on a motion for summary judgment, the trial court [is] limited to deciding whether an issue of fact exist[s], but it [cannot] try that issue if it [does] exist." Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982).
"[Q]uantum meruit and unjust enrichment . . . based upon common law principles of restitution, are noncontractual actions by which a party may recover despite the absence of a valid contract." Barrett Builders v. Miller, 215 Conn. 316, 317 n. 1,576 A.2d 455 (1990). The Goldmans claim that there is no genuine issue of material fact as to their liability pursuant to the plaintiffs' claims of unjust enrichment and quantum meruit. CT Page 4525 The Goldmans claim that they paid the general contractor in accordance with the contract and paid various sub-contractors, suppliers and government authorities for labor, materials and permits. (Goldman Affidavits, ¶¶ 9, 10.) They claim that they paid in excess of what was due under the contract, and that therefore, in the absence of fraud, they are entitled to judgment as to the plaintiffs' claims of unjust enrichment and quantum meruit. (Goldman Affidavits, ¶ 12.)
"Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted [benefited], (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531,550, 661 A.2d 530 (1995). The plaintiffs allege that they worked as subcontractors on the construction of the Goldmans' house. While the Goldmans eventually paid others to complete the construction (Goldman Affidavits, ¶ 11.), this does not rule out the possibility that they were unjustly enriched by the work the plaintiffs completed.
"Quantum meruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties, and that, therefore, the plaintiff is entitled to the reasonable value of services rendered. . . . Such contracts are determined from evidence of the parties' course of conduct which implies a promise to pay for the services rendered." Burns v. Koellmer, 11 Conn. App. 375,527 A.2d 1210 (1987). The plaintiffs claim that they were not paid by Dellaquila for the work they performed because the Goldmans refused to make further payments to him. (Dellaquila Affidavit, ¶¶ 6-8.) There is conflicting evidence as to whether the plaintiffs deserve to recover under a quantum meruit theory.
Issues of material fact exist as to whether the Goldmans are liable to the plaintiffs pursuant to their claims of unjust enrichment or quantum meruit. Accordingly, the Goldmans' motion for summary judgment is denied.
BALLEN, J. CT Page 4526